UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:20-CV-02044-RBD-EJK

DAVID POSCHMANN

      Plaintiff,

vs.

LRR SPECTRUM, LLC

      Defendant.

_____/

## DEFENDANT LLR SPECTRUM, LLC'S UNOPPOSED MOTION TO VACATE ENTRY OF CLERK'S DEFAULT

Defendant, LRR SPECTRUM, LLC ("Spectrum" or "Defendant") moves the Court for entry of an order setting aside the Clerk's Default pursuant to Fed. R. Civ. P. 55(c), and to allow Spectrum to file its Answer and Affirmative Defenses to Plaintiff's Complaint (the "Answer") attached hereto as **Exhibit A**, in this matter. Plaintiff does not oppose this motion.

### PROCEDURAL BACKGROUND

1. Plaintiff filed the Complaint on November 4, 2020 (ECF 1). The Complaint seeks injunctive relief, and seeks to recover attorney's fees and costs for Spectrum's purported violation 42 U.S.C. §12181, et seq. (the "ADA").

2. Plaintiff served the Complaint on Spectrum on November 16, 2020. Spectrum's response to the Complaint was due on or before December 7, 2020.

3. On November 16, 2020, Spectrum forwarded the complaint to its insurance carrier and believed its carrier was to arrange for a defense in the matter. On January 6, 2021 Spectrum notified the insurance carrier of the Clerk's Default. Unfortunately, the carrier did not make

arrangements to retain an attorney to defend Spectrum until January 7, 2021, after the response to the Complaint was overdue.

4. By that time, a default had been entered against Spectrum.

5. On January 7, 2021, the same day undersigned counsel was retained to represent Spectrum in this action, undersigned counsel immediately contacted and spoke with Plaintiff's counsel to explain the situation and determine Plaintiff's position on a motion from Spectrum to vacate the default, and to permit Spectrum to respond to the Complaint. Plaintiff's counsel represented to Spectrum's counsel that Plaintiff does not oppose the requested relief.

6. Spectrum is filing its Unopposed Motion to Vacate Entry of Clerk's Default on January 11, 2021, only two business days after Spectrum was made aware of the entry of a clerk's default in his matter.

7. Spectrum is attaching its proposed Answer to the Complaint hereto as **Exhibit A**.

8. This motion is made in good faith and not for the purposes of delay.

## ARGUMENT AND CITATION OF AUTHORITY

### SPECTRUM HAS ESTABLISHED GOOD CAUSE, THE EXISTENCE OF MERITORIOUS DEFENSES, AND THAT IT EXERCISED DUE DILIGENCE

The Eleventh Circuit has a strong policy of determining cases on their merits and, therefore, does not favor default judgments. *See, e.g., Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). Pursuant to Federal Rule of Civil Procedure 55(a), when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A Court may, however, "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts construe the "good cause" standard liberally on a case-by-case basis. *Compania Interamericana Export-Import, S.A. v. Compania Domincana de Avaiacion*, 88 F.3d 948, 951 (11th Cir. 1996). In contrast

to the heightened "excusable neglect" standard for setting aside a default judgment under Federal Rule of Civil Procedure 60(b), a movant seeking to obtain relief from the entry of a Clerk's default under Rule 55(c) is only required to make a "bare minimum showing" to support its claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

While "good cause" is a mutable standard that varies depending on the situation, courts analyzing whether "good cause" exists have commonly considered: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana*, 88 F.3d at 951. These factors are not "talismanic," however, and courts may, at their discretion, consider other factors, including but not limited to: (1) whether the public interest was implicated; (2) whether there was significant financial loss to the defaulting party; and (3) whether the defaulting party acted promptly to correct the default. *Id.* As discussed below, the circumstances weigh in favor of setting aside the Clerk's Default.

    A.    **<u>Spectrum's Default Was Neither Culpable Nor Willful.</u>**

Here, Plaintiff served Spectrum, who immediately presented the Complaint to its insurance carrier, and requested that it handle the defense of the matter. Unfortunately, the carrier did not secure representation for Spectrum until January 7, 2021, after Spectrum followed up by advising the insurance carrier that a motion for default had been filed in the matter. Upon being retained, the undersigned immediately set to work on moving to vacate the default so the action can be litigated on its merits.

In sum, Spectrum's failure to respond to the Complaint was plainly neither culpable nor willful. Indeed, its explanation is reasonable and understandable. Spectrum's attorney filed the instant motion within two business days of being retained.

### B.   Spectrum Responded Promptly After Learning of the Entry of Default

On January 7, 2021, upon learning of the entry of default, Spectrum immediately followed up with its insurance carrier, who retained Jackson Lewis P.C. to represent the company in this action. The undersigned contacted Plaintiff's counsel that same day, and was advised that he did not object to this Court vacating the default that had been entered. On January 11, 2021, two business days after Spectrum learned of the entry of the default, it is filing the instant motion.

### C.   Setting Aside the Default Will Not Prejudice the Plaintiff

The delay in responding to the Complaint is in no way prejudicial to Plaintiff. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 U.S. Dist. LEXIS 3384, at *7 (S.D. Fla. Jan. 16, 2008) (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)). None of those circumstances are present here. Plaintiff will have ample time to assert his claims, engage in discovery, and present his case to the fact-finder. Setting aside the default will not affect his ability to recover damages in this action, if he prevails.

### D.   Spectrum Can Assert Meritorious Defenses

To show a meritorious defense, the "[l]ikelihood of success is not the measure." *Griffin,* 2008 U.S. Dist. LEXIS at *8 (*quoting Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). When a defendant provides a mere "hint of a suggestion" that its case has merit, this showing is made. *Rodriguez v. Brim's Food, Inc*, 2013 U.S. Dist. LEXIS 86131, at *8.

4

In its attached proposed Answer, Spectrum asserts meritorious defenses to the Complaint, including denials of Plaintiff's key allegations, plus affirmative and other defenses. Thus, the meritorious defenses, lack of prejudice to Plaintiff, the minimum delay, the lack of bad faith, and the lack of impact on the proceeding, require a finding of good cause to set aside the Clerk's entry of default.

## CONCLUSION

In light of the foregoing, Spectrum respectfully asks the Court to set aside the Clerk's default and permit it to file the Answer attached hereto as **Exhibit A** in this matter. This would allow the case to be determined on the merits, in accordance with the Eleventh Circuit's strong policy.

WHEREFORE, Defendant, LRR SPECTRUM, LLC, respectfully requests that the Court enter an Order: (i) granting this motion; (ii) setting aside the Clerk's Default entered against it; (iii) permitting Spectrum to file the Answer attached hereto as **Exhibit A** in this matter; and (iv) granting such other and further relief as this Court deems just and proper.[1]

Respectfully submitted,

s/ Edwin Cruz
Tasos C. Paindiris, Esq.
Florida Bar No. 41806
E-mail: *Tasos.Paindiris@jacksonlewis.com*
JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 583-1602

and,

Edwin Cruz, Esq.
Florida Bar No. 55579
E-mail: *edwin.cruz@jacksonlewis.com*

---

[1] A proposed Order granting this motion is enclosed as **Exhibit B.**

JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Counsel for Defendant*

## **CERTIFICATE OF CONFERRAL**

Pursuant to M.D. Fla. Local Rule 3.01(g), I hereby certify that I contacted Plaintiff's counsel, Drew M. Levitt, via telephone on January 7, 2021, regarding the relief requested in this Motion. Plaintiff's counsel stated that Plaintiff does not oppose the relief sought herein

s/ Edwin Cruz
Edwin Cruz, Esq.

Dated this 11th day of January, 2021.

Respectfully submitted,

s/ Edwin Cruz
Tasos C. Paindiris, Esq.
Florida Bar No. 41806
E-mail: *Tasos.Paindiris@jacksonlewis.com*
JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 583-1602

and,

Edwin Cruz, Esq.
Florida Bar No. 55579
E-mail: *Edwin.Cruz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

6

CASE NO. 6:20-CV-02044-RBD-EJK

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that a true and correct copy of the foregoing document is being served on January 11, 2021 on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Edwin Cruz  
Edwin Cruz, Esq.

CASE NO. 6:20-CV-02044-RBD-EJK

## SERVICE LIST

**United States District Court, Middle District of Florida**
**Orlando Division**
**David Poshmann  v. LRR Spectrum, LLC**
**Case 6:20-CV-02044-RBD-EJK**

Drew M. Levitt, Esq.
Florida Bar No. 782246
E-mail: drewmlevitt@gmail.com
Lee D. Sarkin, Esq.
Florida Bar No. 962848
Lsarkin@aol.com
4700 N.W. Boca Raton Boulevard, Ste 302
Boca Raton, FL 33431
Telephone: (561) 994-6922
Facsimile: (561) 994-0837

*Counsel for Plaintiff*

Tasos C. Paindiris, Esq.
Florida Bar No. 41806
E-mail: *Tasos.Paindiris@jacksonlewis.com*
JACKSON LEWIS P.C.
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 583-1602

Edwin Cruz, Esq.
Florida Bar No. 55579
E-mail: *Edwin.Cruz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Counsel for Defendant*